## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND

In re:                              *

MINGJIE ZHANG                       *    CASE NO.: 09-1-1810-PM
YUNKUN MA                                (Chapter 7)
          Debtors                   *
*    *    *    *    *    *    *
RBS CITIZENS, N.A.                  *

          Plaintiff                 *

     v.                             *    ADVERSARY NO.:

MINGJIE ZHANG                       *
YUNKUN MA
                                    *
          Defendants
*    *    *    *    *    *    *    *    *    *    *    *    *

## COMPLAINT FOR DETERMINATION OF DISCHARGEABILITY OF DEBT

RBS Citizens, N.A., Plaintiff, by its attorney, Michael J. Klima, Jr., files its Complaint For Determination Of Dischargeability Of Debt against Mingjie Zhang and Yunkun Ma, Defendants, and for cause, states as follows:

1. This Court has jurisdiction of this action pursuant to 11 U.S.C. §523 and 28 U.S.C. §157(b) and §1334.

2. This is a contested matter governed by F.R.Bankr.P. 4007 and 7001 and is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(I).

3.    On February 4, 2009, Mingjie Zhang and Yunkun Ma, the Defendants, initiated proceedings in this Court seeking relief under Chapter 7 of the Bankruptcy Code, in Case Number 09-1-1810-PM.

4.    On January 21, 2005, the Defendants executed a Credit Line Agreement with Charter One Bank, N.A.

5.    To secure payment of the Credit Line Agreement, Defendants granted Charter One Bank, N.A. a Deed of Trust against the real property commonly known as 7101 Radnor Road, Montgomery County, Maryland.

6.    Charter One Bank, N.A. changed its name to Charter One Main Office and became a branch of Plaintiff. Accordingly, the Plaintiff is the successor in interest to Charter One Bank, N.A.

7.    Plaintiff agreed to loan Defendants up to the sum of $500,000.00 pursuant to said Credit Line Agreement.

8.    Defendants took advances against said Credit Line Agreement and, as of March 23, 2006, the balance owed pursuant thereto was approximately $489,000.00.

9.    Between March 24, 2006 and March 31, 2006, the Defendants made a series of transactions pursuant to the aforesaid Credit Line Agreement which resulted in it being overdrawn by over $500,000.00.

10. All loans made to are advances taken by the Defendants against the aforesaid line of credit were taken by Defendants without the intent to repay Plaintiff for said advances.

11. As of March 31, 2006, the balance owed on said Credit Line Agreement was $1,066,741.57.

12. Through foreclosure of a prior Deed of Trust recorded against the aforesaid real property, certain proceeds in the approximate amount of $490,000.00 were applied to the balance owed pursuant to the Credit Line Agreement, but, as of May 29, 2009 a principal balance in the amount of $560,935.10, plus accrued interest of $180,313.00, still remains.

13. As the debts incurred by Defendants pursuant to the aforesaid Credit Line Agreement were obtained by their fraudulent misrepresentation, upon which Plaintiff justifiably relied, and which induced Plaintiff to make such loan, thereby causing harm to Plaintiff, this debt is for money or an extension of credit obtained by the Defendants through false pretenses, false representation, or actual fraud is thereby non-dischargeable. 11 U.S.C. §523(a)(2)(A).

14.  Defendants' draws against the aforesaid line of credit, without the intent to repay the Plaintiff, constitutes injuries or acts done deliberately and intentionally in knowing disregard of Plaintiff's right to repayment and thereby constitutes a debt for willful and malicious injury by the Defendants to Plaintiff which is non-dischargeable.  11 U.S.C. §523(a)(6).

WHEREFORE, Plaintiff, RBS Citizens, N.A., respectfully requests the Court determine Defendants' debt to it through the January 21, 2005 Credit Line Agreement is non-dischargeable.

 /s/ Michael J. Klima, Jr.
MICHAEL J. KLIMA, JR. #25562
Suite 200, The Carroll Building
8600 LaSalle Road
Towson, MD 21286-2025
(410) 837-1140
Attorney for Plaintiff
Attorney File No.: 09-1803